UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ANGELA WESEL,

    Plaintiff,

v.                                        CASE NO: 21-cv
                                            HON:

BERRIEN COUNTY, and KEVIN HIGGS, ANGELA BAGGETT, DEVONTE HURESKIN, NICHOLIS VONKOENIG in their individual and official capacities.

    Defendants,

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **ANGELA WESEL**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is a resident of the City of Niles, County of Berrien, State of Michigan.

1

2. Defendant BERRIEN COOUNTY is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. Defendant KEVIN HIGGS is and/or was a police officer employed by the Berrien County Sheriff's Office and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

4. Defendant ANGELA BAGGETT is and/or was a police officer employed by the Berrien County Sheriff's Office and was acting under color of law, in her individual and official capacity, and within the course and scope of her employment at all times mentioned herein.

5. Defendant DEVONTE HURESKIN is and/or was a police officer employed by the Berrien County Sheriff's Office and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

6. Defendant NICHOLIS VONKOENIG is and/or was a police officer employed by the Berrien County Sheriff's Office and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

7. All relevant events giving rise to this lawsuit occurred in the City of Niles, County of Berrien, State of Michigan.

8. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States though the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

9. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

10. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

**FACTS:**

11. On December 7, 2018, Defendants KEVIN HIGGS and DEVONTE HURESKIN arrived at Plaintiff's residence to locate Plaintiff's son's daughter upon request of Kalee Antisdel, the mother of the child.

12. As Defendants arrived to the residence, Plaintiff and Plaintiff's son, who was holding the young child that was clearly unharmed and safe, answered the door.

13. At some point, Defendants ANGELA BAGGETT and NICHOLIS VONKOENIG arrived on the scene to assist Defendants.

14. During this interaction, Plaintiff requested multiple times for the Defendants to leave her residence and refused to allow them to enter her home.

15. Eventually, after sitting outside Plaintiff's residence for hours, Defendant HURESKIN kicked in Plaintiff's door and grabbed the child, while Defendant HIGGS entered the residence with his tazer drawn and arrested Plaintiff and her son.

16. The charges against Plaintiff were dismissed.

17. As a result of Defendants' unlawful actions and/or inactions, Plaintiff sustained injuries and damages.

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 UNREASONABLE SEARCH/SEIZURE

18. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

20. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights.

21. Defendants acted unreasonably and failed in their duty when they entered into Plaintiff's home without a search warrant and/or any legal justification.

22. Defendants acted unreasonably and failed in their duty when they unlawfully entered Plaintiff's premises damaging Plaintiff's personal property.

23. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they falsely arrested and falsely detained Plaintiff without probable cause.

24. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth amendment rights when they arrested and caused to have charges brought against Plaintiff without first completing the full investigation.

25. Defendants acted unreasonably and failed in their duties when they falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

26. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

27. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his Fourth Amendment rights.

28. Due to Defendants' actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## DEFENDANT BERRIEN COUNTY'S CONSTITUTIONAL VIOLATIONS

29. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30. Defendant BERRIEN COUNTY acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

31. That these customs and/or policies and/or practices included, but were not limited to:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable seizures and/or searches;

    c. Failing to adequately train and/or supervise police officers regarding proper procedures for conducting investigations into alleged criminal conduct;

    d. Failing to supervise, review, and/or discipline police officers whom Defendant BERRIEN COUNTY knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for conducting criminal investigations.

    f. Failing to adequately train and/or supervise its prosecutors in the proper policies and procedures for instituting and/or maintaining criminal charges against citizens.

32. Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

33. Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

34. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

s/ **Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
Dated: August 4, 2021    (248) 886-8650
CJT/tpk    Amy.derouin@cjtrainor.com

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ANGELA WESEL,

    Plaintiff,

v.                                                       CASE NO: 21-cv
                                                                    HON:

BERRIEN COUNTY, and KEVIN HIGGS, ANGELA BAGGETT,
DEVONTE HURESKIN, NICHOLIS VONKOENIG in their individual
and official capacities.

    Defendants,

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |
|---|---|

## **DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, **ANGELA WESEL**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

>Respectfully Submitted,
>CHRISTOPHER TRAINOR & ASSOCIATES
>
>s/ **Christopher J. Trainor**
>CHRISTOPHER J. TRAINOR (P42449)
>AMY J. DEROUIN (P70514)
>Attorneys for Plaintiff
>9750 Highland Road
>White Lake, MI 48386
>(248) 886-8650
>Amy.derouin@cjtrainor.com

Dated: August 4, 2021
CJT/tpk